IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | 1:10-CR-203 |
| RAYMOND W. TURNER. | * | |

**O R D E R**

On July 14, 2011, Raymond W. Turner ("Turner") pled guilty to bank fraud in violation of 18 U.S.C. § 1344. On June 4, 2012, Turner was sentenced to sixty-two (62) months imprisonment. (Doc. 166.) Now before the Court is Turner's Motion for Downward Departure. (Doc. 216.) In his motion, Turner seeks a downward departure for changed medical circumstances and post-conviction rehabilitative efforts. For the reasons set forth below, this motion is **DENIED**.

Before reaching the merits of his claim, this Court must first determine whether it has the power to reconsider Turner's sentence. The general rule is that "[a] district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure

35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)). Therefore, this Court must analyze whether either Rule 35 or 18 U.S.C. § 3582 are applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. Fed. R. Crim. P. 35(a). Turner was sentenced on June 4, 2012 and filed the present motion on August 29, 2014. This time frame clearly falls outside the fourteen day window, and therefore this Court does not have the power to review the sentence under Rule 35(a). Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. Fed. R. Crim. P. 35(b). However, no such motion has been filed by the government in this case.

The only additional authorization for a district court to modify a sentence is upon: (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner; or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c). However, these requirements are not satisfied in the present action. The Bureau of Prisons has not

2

moved to reduce Turner's imprisonment based on extraordinary circumstances or his advanced age. Moreover, there is no applicable change in the sentencing guidelines that has reduced Turner's guideline range. As such, the Court does not have the power under 18 U.S.C. § 3582(c) to review Turner's sentence.

For the foregoing reasons, Turner's Motion for a Downward Departure (Doc. 216) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 21st day of October, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA